IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15-00340-01-CR-W-GAF |
| | ) | |
| THOMAS JOSHUA JOHNSON, | ) | |
| Defendant. | ) | |

## MOTION TO SUPPRESS EVIDENCE

COMES NOW the defendant, Thomas Johnson, by and through counsel, Ronna Holloman-Hughes, in accordance with Rules 12, 41, and 47 of the Federal Rules of Criminal Procedure and moves this Court to suppress all the evidence obtained as a result of the issuance of the Network Investigative Technique, (herein "NIT") warrant. Mr. Johnson submits that such evidence was obtained in violation of his rights guaranteed by the Fourth Amendment to the United States Constitution. In support, Mr. Johnson offers the following:

## ISSUES JUSTIFYING SUPPRESSION OF EVIDENCE

1. The NIT warrant is void for want of jurisdiction under the Federal Magistrates Act, 28 U.S.C. §636(a);

2. The NIT warrant violated Federal Rule of Criminal Procedure 41(b).

**STATEMENT OF FACTS**

Website A, was accessible to users only through the "Tor" network – software designed to preserve users' anonymity by masking their IP Addresses[1]. The FBI seized control of Website A in February 2015. Rather than shut it down agents opted to run the site out of a government facility in the Eastern District of Virginia for two weeks in order to identify -- and ultimately prosecute -- users of Website A.

On February 20, 2015, the government procured an order pursuant to an Electronic Surveillance-Title III application, from a district judge in the Eastern District of Virginia permitting the government to intercept communications between Website A users. On the same day the government obtained a warrant from a magistrate in the Eastern District of Virginia to implement NIT that would allow the government to covertly transmit computer code to Website A users. The computer code then generated a communication from those users' computers to the government operated server containing various identifying information, including the users' IP addresses.

The government obtained information from the deployment of NIT that the user name "tj5563" was new to Website A and had logged a total of 5 hours between the dates of January 2, 2015 and March 2, 2015, to access images of child porn. On September 24, 2015 a federal search warrant was signed by Magistrate Judge Sarah Hays, in the Western District of Missouri. Agents executed the search warrant on September 25, 2015. Computers and cellphones were seized as

---

1 "Tor," which stands for "The Onion Router," is "the main browser people use to access" the "Darknet"—"a specific part of the hidden Web were you can operate in total anonymity." Going Dark: The Internet Behind the Internet, Nat'l Pub. Radio, May 25, 2014, http://www.npr.org/sections/alltechconsidered/internet. Tor itself is lawful and has various legitimate uses. See id.

well as information regarding a computer at a repair shop that was eventually seized.

Mr. Thomas was subsequently charged by superseding indictment with production of child porn, travel with the intent to engage in illicit sexual conduct, and possession of child porn.

## SUGGESTION IN SUPPORT OF MOTION

**A. The magistrate judge who issued the NIT warrant had no authority to do so under the relevant statutory framework and federal rules.**

The issuance of the NIT warrant ran afoul of both Section 636(a) of the Federal Magistrates Act and Rule 41(b) of the Federal Rules of Criminal Procedure. The conduct is the same for each violation, i.e. the judge's issuance of a warrant for property outside her judicial district.

**1. Federal Magistrate Act**

Section 636(a) of the Federal Magistrates Act establishes "jurisdictional limitations on the power of magistrate judges." *United States v. Krueger,* 809 F.3d 1109, 1122 (10th Cir. 2015). It provides:

> (a) Each United States magistrate judge serving under this chapter shall have within the district in which sessions are held by the court that appointed the magistrate judge, at other places where that court may function, and elsewhere authorized by law—
>
> (1) all powers and duties conferred or imposed… by law or by the Rules of Criminal Procedure.

28 U.S.C. § 636(a).

The NIT warrant approved a search of Mr. Johnson's property in Missouri, outside the Eastern District of Virginia, ("the district in which sessions are held by the court that appointed the magistrate"), and neither of the other clauses on the first paragraph of Section 636(a) applies. Therefore the magistrate judge lacked jurisdiction to issue it. The magistrate had no jurisdiction

3

to issue such a warrant pursuant to Rule 41(b), and there is no other Rule of Criminal Procedure the judge could have had jurisdiction.

## 2. Rule 41(b)

Rule 41(b), "Authority to Issue a Warrant," states:

At the request of a federal law enforcement officer or an attorney for the government:

(1) A magistrate judge with the authority in the district -- or if none is reasonably available a judge of a state court of record in the district – has authority to issue a warrant to search for and seize a person or property located within the district;

(2) A magistrate judge with authority in the district has authority to issue a warrant for a person or property outside the district if the person or property is located within the district when the warrant is issued but might move or be moved outside the district before the warrant is executed;

(3) A magistrate judge – in an investigation of domestic terrorism or international terrorism – with authority in any district in which activities related to the terrorism may have occurred has authority to issue a warrant for a person or property within or outside that district;

(4) A magistrate judge with authority in the district has authority to issue a warrant to install within the district tracking device; the warrant may authorize use of the device to track the movement of a person or property located within the district, outside the district or both; and

(5) A magistrate judge with authority in any district where activities related to the crime may have occurred, or in the District of Columbia, may issue a warrant for the property that is located outside the jurisdiction of any state or district, but within any of the following

  (A) A United States territory, possession, or commonwealth;

  (B) the premises – no matter who owns them – of a United States diplomatic or consular mission in a foreign state, including any appurtenant building, part building, or land used for the mission's purposes; or

  (C) a residence and any appurtenant land owned or leased by the United States personnel assigned to the United States diplomatic or consular mission in a foreign state.

Case 4:15-cr-00340-GAF   Document 26   Filed 04/27/16   Page 4 of 7

Fed. R. Crim. P. 41(b).

Because the NIT warrant purported to authorize a search of property located outside the Eastern District of Virginia, and because none of the exceptions to the general territorial limitation of Rule 41(b)(1) applies, the magistrate judge lacked authority under Rule 41(b) to issue the NIT warrant.

**B. The good-faith exception is inapplicable**

Mr. Johnson has been prejudiced by the violation. The good –faith exception is inapplicable because the warrant at issue was void *ab initio.* This is distinct from a technical Rule 41 violation that has been deemed insufficient to warrant suppression in past cases.

1. **Nature of the Rule 41 violation**

In determining whether a Rule 41 violation requires suppression, the 8th Circuit has adopted the rule which provides that suppression is proper only where ''(1) there was prejudice in the sense that the search might not have occurred or would not have been so abrasive if the rule had been followed' or (2) 'there is evidence of intentional or deliberate disregard of a provision in the rule.'" *United States v. Burgard*, 551 F.2d 190, 193 (8th Cir. 1977), quoting, *United States v. Burke,* 517, F.2d 377, 386 -387 (2nd Cir. 1975). Because the violation here involved substantial judicial authority, the search would not have occurred but for the issuing of the Virginia NIT warrant. Because the magistrate in Virginia did not have the authority to issue the warrant it is as if there was a warrantless search. "A search warrant issued by an individual without legal authority to do so is 'void *ab initio'" United States v. Master,* 614 F.3d 236, 241 (6th Cir. 2010); *United States v. Peltier,* 344 F.Supp.2d 539, 548 (E.D. Mich. 2004), "A search warrant signed by a person who lacks the authority to issue it is void as a matter of law"; *State v.*

5

*Surowiecki,* 440 A.2d 798, 799, (Mont. 1981), "A lawful signature on the search warrant by the person authorized to issue it is essential to its issuance," such that an unsigned warrant is void under state law and confers no authority to act, despite existence of probable cause."

### 2. Prejudice

There was prejudice in the sense that the search might not have occurred if the rule had been followed. Had Rule 41 been followed, the magistrate would not have issued the NIT warrant, and therefore the search conducted pursuant to that warrant would not have occurred. *See Krueger, 809 F.3d at 1116,* holding that defendant suffered prejudice as a result of having been subjected to a search that violated Rule 41(b), since that search "might not have occurred because the Government would not have obtained [the warrant] had Rule 41(b)(1) been followed."

WHEFORE, The defendant met his burden of establishing prejudice and because suppression furthers the purpose of the exclusionary rule by deterring law enforcement from seeking and obtaining warrants that clearly violate Rule 41(b)(1) *see*, *cf. Krueger,* 809 F.3d at 1117, (affirming the district court's order granting defendant's motion to suppress), the defendant, Thomas Johnson, requests this Court to suppress all evidence and testimony obtained through the unlawful search in this case.

Respectfully submitted,

 /s/ Ronna Holloman-Hughes
Ronna Holloman-Hughes
Assistant Federal Public Defender
Western District of Missouri
818 Grand, Ste. 300
Kansas City, Missouri 64106

## CERTIFICATE OF SERVICE

In accordance with Rule 49(a), (b) and (d), Federal Rules of Criminal Procedure, and Rule 5(b), Federal Rules of Civil Procedure, it is hereby certified that the foregoing was electronically filed and a copy was emailed to Catherine Connelly, Assistant United States Attorney, Western District of Missouri, Counsel for Plaintiff, 400 E. 9th Street, Kansas City, Missouri, 64106, this 27th day of April, 2016.

    /s/ Ronna Holloman-Hughes
    Ronna Holloman-Hughes